[S. F. No. 6161.   Department Two.—April 5, 1913.]

In the Matter of the Guardianship of RAYMOND MONROE LEE, a Minor.

GUARDIANSHIP OF MINOR—DISCRETION IN MATTER OF CUSTODY OF CHILD. Section 246 of the Civil Code limits the discretion of the court in the matter of the appointment of a guardian for a minor, by providing that such discretion shall be exercised in favor of "what appears to be for the best interest of the child in respect to its temporal and its mental and moral welfare."

ID.—TEMPORARY AWARD OF CHILD TO DISSOLUTE MOTHER—ABUSE OF DIS-
CRETION.—In proceedings for the appointment of a guardian for
a minor eight months of age, the court abused its discretion in
taking the custody of the child from an aunt, who was in all re-
spects a fit and competent person, and who had cared for it since it
was abandoned by its mother, when a few weeks old, and in tem-
porarily awarding it by way of probation to the mother, who was
found to be a young woman of dissolute habits and immoral life,
in the expectation that the care of the child would work the
reformation of the mother.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco. Thomas F. Graham,
Judge.

The facts are stated in the opinion of the court.

Henry H. Davis, for Appellant.

Crist & Johnson, Ferno J. Schuhl, and Louis V. Crowley,
for Respondent.

HENSHAW, J.—The petition of Lillian F. Christal for let-
ters of guardianship of the person of Raymond Monroe Lee,
a minor, was opposed by Eva Eugenia Lee, the mother of the
minor. The facts disclosed are that Lillian F. Christal is
married and living with her husband. They are childless.
Lillian F. Christal is the paternal aunt of the infant who, at
the time of the institution of these proceedings, was about
eight months of age. The father joins in or assents to the
application of his married sister. The child when an infant
of a few weeks of age was delivered by its mother into the
care of Lillian F. Christal and by that mother was practically
abandoned. At that time the child was sick well nigh unto
death and through the care of Lillian F. Christal under medi-
cal advice the health of the infant was restored. It was dying
of malnutrition through the ignorance and heedlessness of its
mother during the brief time she had charge of it. Lillian F.
Christal is in all respects a fit and competent person to be
appointed guardian. Upon the other hand, Eva Eugenia Lee
is a young woman of dissolute habits and immoral life. Her
indifference to and neglect of her offspring may be excused
only to the extent that she knew that it was in tender and

loving hands. All these matters plainly appear from the evidence and from the declarations of the judge. Yet, expressing the view that perhaps an award of the temporary custody of the child to the mother might work that mother's reformation, the court entered a decree awarding to Eva Eugenia Lee "the temporary custody of said minor by way of probation" and "that said Eva Eugenia Lee have, and she is hereby awarded the custody and control of said minor while and as long as she prove herself worthy and discharge faithfully her duties as guardian and mother of said minor" and "that in the event that said Eva Eugenia Lee does not prove herself worthy to have the custody and control of said minor, said minor shall be taken from said Eva Eugenia Lee and its custody and control awarded to said petitioner Lillian Christal"; "that said Eva Eugenia Lee be, and she is hereby appointed guardian *pro tempore* of said minor," and finally, "that the proceedings herein be continued for one month, and that the proceedings be further continued from time to time pending the probation of said Eva Eugenia Lee."

This judgment, however in consonance with the code of ethics, is not a judgment countenanced by the code of this state. Section 246 of the Civil Code limits the discretion of the court and declares that that discretion shall be exercised in favor of "what appears to be for the best interest of the child in respect to its temporal and its mental and moral welfare." Here the judge seeks to use the infant child of a mother whom he finds to be dissolute and immoral for the purpose of reforming that mother. In other words, the court takes this infant away from a safe and loving shelter in the care of its aunt who is devoted to it to subject it to the doubtful experiment of seeing whether its presence may work the mother's reformation. While the experiment is at least doubtful, it is not doubtful that the law does not countenance such an award and, that in the event of failure, the experiment cannot be other than disastrous to the child whose welfare, and not that of the mother, is to control the award. No serious fault could be found if the award had been to Mrs. Christal, with the right of the mother to recover her infant when and after she had proved herself by her own reformation to be a fit and proper person to resume her control over it.

It should be added that, notwithstanding the judgment of the court, by this appeal the custody of the child has been continued in Mrs. Christal, and the child is now about two years old. The reversal of the judgment which for the reasons given becomes necessary, once more sets the inquiry at large and the court will be justified in taking additional evidence bearing upon the life of the mother and her fitness for the custody and guardianship of her child during the period that has elapsed since this appeal was taken, and the nature of this evidence should largely influence the conclusion which the court shall finally reach.

The judgment appealed from is therefore reversed.

Lorigan, J., and Melvin, J., concurred.